**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:     Arturo Petriciolet v. The State of Texas

Appellate case number:   01-12-00920-CR

Trial court case number: 1344112

Trial court:             228th District Court of Harris County

The complete record was filed in the above-referenced appeal on November 29, 2012, making appellant's brief due on January 1, 2013. *See* TEX. R. APP. P. 38.6(a). On April 5, 2013, appellant's appointed counsel, after receiving two extensions of time to file the brief, moved for a third extension of time. On April 8, 2013, we denied the motion, ordered appellant's brief be filed by April 22, 2013, and stated that "if appellant's brief is not then filed, the appeal will be abated for appointment of new appellate counsel." Nevertheless, counsel filed another motion for extension on April 22, 2013, requesting an extension until May 13, 2013. And, although counsel has now had nearly 150 days to file a brief, no brief has been filed on appellant's behalf.

We therefore deny appellant's motion for extension, abate the appeal, and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Cheri Duncan, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

(1)  determine whether good cause exists to relieve Cheri Duncan of her duties as appellant's counsel, specifically addressing whether counsel's failure to file a brief despite having had 144 days to file a brief as of April 22, 2013 and whether her failure to comply with this Court's order to file a brief by April 22, 2013 constitute

---

[1]  Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

good cause for her removal;

(2) if so, enter a written order relieving Cheri Duncan of her duties as appellant's counsel, including in the order the basis for and finding of good cause for her removal, and appoint substitute appellate counsel at no expense to appellant;

(3) make any other findings and recommendations the trial court deems appropriate; and

(4) enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2012); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ Terry Jennings

      ☑ Acting individually    ☐ Acting for the Court


Date: May 9, 2013